UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

RAUL REYES,

                    Plaintiff,

    -against-

UNITED FENCE AND GUARD RAIL CORP. and
GARY W. OAKLAND,

                    Defendants.

--------------------------------------------------------------------X

**COMPLAINT**

    Plaintiff, RAUL REYES, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, alleges as follows:

## NATURE OF THE ACTION

    1.    Defendant UNITED FENCE AND GUARD RAIL CORP. and its principal, Defendant GARY W. OAKLAND, have profited at the expense of Plaintiff who performed labor for Defendants' fence and guard rail business by failing to pay Plaintiff premium overtime wages for hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

    3.    In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

    4.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

5.      Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 19 Zorn Blvd Yaphank, NY 11980.

## PARTIES

6.      The Plaintiff, RAUL REYES ("Plaintiff"), is a resident of the County of Suffolk, State of New York.

7.      At all times relevant to the complaint, Plaintiff was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8.      Plaintiff was an hourly-paid, non-exempt employee of Defendants from in or about 2003 until in or about February 2020.

9.      Defendant UNITED FENCE AND GUARD RAIL CORP. ("UFGR"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York and is owned by the Defendant, GARY W. OAKLAND ("OAKLAND") (collectively "Defendants").

10.     At all relevant times, Defendant UFGR, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

11.     At all times relevant, the Defendant, UFGR, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

12.     Defendant, OAKLAND, is and/or was an officer or owner of Defendant, UFGR, had authority to make payroll and personnel decisions for Defendant UFGR, was active in the

2

day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law.

## FACTS

13.     Defendants are engaged in the fabrication and installation of fences and guard rails.

14.     Plaintiff worked as a manual laborer for Defendants from in or about 2003 to in or about February 2020.

15.     Plaintiff regularly worked Monday through Saturday, 6 days per week. Plaintiff began work each workday at 7:00 a.m. The time that Plaintiff finished work each workday varied from day to day. Plaintiff worked until at least 4:30 p.m., but often did not finish work until 5:30 p.m. or later. In addition, Plaintiff worked and from 7:00 a.m. to 2:00 p.m. on Saturday.

16.     Plaintiff regularly worked more than 40 hours each workweek but but was not paid overtime pay at the rate of one and one-half times his regular rate of pay.

17.     Defendants failed to pay Plaintiff a premium for time worked in excess of forty (40) hours per week throughout the entire term of Plaintiffs' employment with the Defendants.

18.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

19.     Defendants paid Plaintiff, at times, wholly or partially in cash, without providing an accurate indication as to his rate of pay, the hours worked each day, and the total number of hours worked each week.

20.     Defendants unlawfully failed to pay Plaintiff proper compensation in violation of NYLL Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

21.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the actual hours worked by Plaintiffs daily and weekly.

22.     Defendants failed to provide Plaintiff with an accurate statement of his wages earned, including his correct hourly rates of pay and their amount of regular, prevailing wage rate, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

23.     Defendants entered into contracts and/or subcontracts to provide environmental and remediation services upon Public Works Projects.

24.     Under the Prime Contract, Defendants agreed to comply with the requirements of New York Labor Law § 220 and that all employees, including subcontractors' employees, would be paid prevailing wages and supplements.  The Prime Contract was required to include this provision pursuant to the New York Labor Law.

25.     Upon information and belief, the contracts for these Public Works Projects required the payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.  Upon information and belief, the public works contracts also provided that any subcontracts entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the Public Works Projects.

26.     Defendants employed Plaintiff to provide labor and perform various parts of the Prime Contract.

27.     As required by law, a schedule containing the prevailing rates of wages and supplemental benefits to be paid to the Plaintiff should have been annexed to and formed as part of the public works contracts.  If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

28.     The promise to pay and ensure payment of the prevailing wage and supplemental benefit rate in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise and the contracts entered into between Defendants and public entities.

29.     Defendants paid Plaintiff less than the prevailing rates of wages and supplements to which Plaintiff was entitled.

30.     Plaintiff is a third-party beneficiary of Defendants' contractual promise to comply with New York Labor Law § 220 and that all employees would be paid prevailing wages and supplements.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

31.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

33.     Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional and, therefore, a 3-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

34.     As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

35.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

37.     By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

38.     Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

39.     Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## (BREACH OF CONRACT AS THIRD-PARTY BENEFICIARIES)

40.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41.     Defendants entered into contracts with one or more third parties to provide services on Public Works Projects for which Plaintiff provided labor.

42.     Defendants agreed as part of such contracts and/or as a matter of law were required by such contracts to pay Plaintiff a "prevailing wage."

43.     Defendants breached the Public Works contracts in that they failed to pay Plaintiff the prevailing wages for all labor performed on the Public Works Projects and that Plaintiff did not receive the monies he was due as a third-party beneficiary of the contracts.

44.     Plaintiff was a third-party beneficiary of the contracts entered into by Defendants.

45.     Defendants are liable to Plaintiff for damages based upon an accounting of the wages the Plaintiff were paid and the wages he was entitled to be paid as a third-party beneficiary of the contracts.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

46.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

47.     Defendants failed to provide Plaintiff with accurate statements of his wages earned, including his correct hourly rates of pay and amount of regular, prevailing wage rate, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

48.     Due to Defendants' failure to provide Plaintiff with an accurate wage statement with his wages as required by Labor Law § 195(3), Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs of the action pursuant to Labor Law Section 198(1-a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

i.      Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

7

ii.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.      Unpaid wages pursuant to Labor Law § 650 *et seq.*, and Department of Labor Regulations, plus liquidated damages;

iv.      Unpaid prevailing wages and supplemental benefits;

v.      Damages pursuant to Labor Law § 198(1-a);

vi.      Pre- and post-judgment interest as permitted by law;

vii.      All attorneys' fees and costs incurred in prosecuting these claims; and

viii.      Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
      April 14, 2020

LAW OFFICE OF PETER A. ROMERO PLLC

*/s/ Peter A. Romero*

By:    _____

Peter A. Romero, Esq.
825 Veterans Highway
Hauppauge, NY 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorney for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against United Fence & Guard Rail Corp, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

Raul Reyes

07-10-20

Date